Filed 8/1/13  P. v. Campbell CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMANICK CAMPBELL,<br><br>    Defendant and Appellant. | B243587<br><br>(Los Angeles County<br>Super. Ct. No. MA056068) |

THE COURT:[*]

Defendant and appellant Domanick Campbell (defendant) appeals his judgment of conviction of possession of a concealed dirk or dagger.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues, but requesting a review of the trial court's in camera hearing held after the court granted defendant's *Pitchess* motion.[1]  On May 14, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he would want to have considered.  That time has elapsed and

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    See *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*); Penal Code sections 832.7 and 832.8; Evidence Code sections 1043 through 1045.

defendant has submitted no letter or brief. We have reviewed the entire record and finding no error or other arguable issues, we affirm the judgment.

Defendant was charged with carrying a concealed dirk or dagger on April 28, 2012, in violation of Penal Code section 21310. The information further alleged pursuant to Penal Code section 1170, subdivision (h)(3), and the "Three Strikes" law (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), that defendant had been convicted in Oregon of a prior serious or violent felony.

Los Angeles Deputy Sheriffs Ovidio Alanis and Miguel Ruiz testified at defendant's jury trial that while on patrol during the late evening of April 28, 2012, they conducted a traffic stop of the car in which defendant was a passenger. The deputies removed the three occupants of the car, and Deputy Alanis asked defendant whether he was carrying anything illegal. Defendant pointed to his waist and replied that he had a knife. Deputy Alanis lifted defendant's shirt and saw an uncovered knife with an exposed five-inch blade, placed horizontally and held in place by defendant's belt buckle. Defendant claimed he carried the knife for protection.

The jury found defendant guilty as charged, and also found true the allegation that defendant had been convicted in Oregon of a violation of Oregon Revised Statutes section 163.175. The trial court determined that the offense was assault with a deadly weapon, a serious or violent felony which qualified as a strike under the Three Strikes law. On August 24, 2012, the trial court sentenced defendant to the high term of three years in prison due to his numerous adult convictions which were of increasing seriousness, and doubled the term to six years as a second strike. Defendant received a total of 237 days of presentence custody credit, and was ordered to provide a DNA sample and print impressions, and to pay mandatory fines and fees. Defendant filed a timely appeal from the judgment.

We have reviewed the sealed transcript of the in camera *Pitchess* hearing and find it sufficient to review the trial court's discretion. We find no abuse of discretion in the trial court's determination that other than one document pertaining to Deputy Alanis, there were no discoverable items in the records produced.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.